IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL JAMES UPSHER, | ) | |
| | ) | Civil Action No. 04-1707 |
| Petitioner | ) | |
| | ) | Chief Judge Donetta |
| vs. | ) | W. Ambrose/Magistrate |
| | ) | Judge Lisa Pupo Lenihan |
| DAVID GOODE, Superintendent, | ) | |
| STEPHEN ZAPALLA, The District | ) | |
| Attorney of Allegheny County, | ) | |
| and JERRY PAPPERT, the Attorney | ) | |
| General of Pennsylvania, | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**

It is recommended that the habeas petition filed by Petitioner pursuant to 28 U.S.C. § 2254 be dismissed, prior to being served, for lack of subject matter jurisdiction as a "second or successive" petition, and that a certificate of appealability be denied.

**REPORT**

Paul James Upsher (Petitioner) is a state prisoner, serving, *inter alia*, a life sentence for murder, who seeks to challenge his convictions for homicide, robbery and criminal conspiracy. The present petition is at least the third time Petitioner has sought to challenge his convictions via a federal habeas petition. See Upsher v. Price, No. 01-452 (W.D. Pa. Doc. No. 3, report and recommendation determining the petition to be

second/successive, and Doc. No. 4, order adopting R&R.); <u>Upsher</u> <u>v. Brennan</u>, No. 97-174 (W.D. Pa. Doc. 8, R&R recommending dismissal based on, *inter alia*, procedural default, and Doc. 11, order adopting R&R).  <u>See also</u> <u>In re Paul James Upsher</u>, No. 01-2111 (3d Cir. order dated 6/21/01 denying application to file second or successive habeas petition).  Because he has filed at least one previous habeas petition pursuant to 28 U.S.C. § 2254, which challenged the same convictions and which was decided on the merits, and he has not obtained permission from the Court of Appeals to file this petition, as required by 28 U.S.C. § 2244(b)(3)(A), the petition must be dismissed for lack of subject matter jurisdiction.

## I.  Relevant Procedural History

Petitioner has sent in to the court this habeas petition filed pursuant to Section 2254.  In that habeas petition, he identified the Allegheny County Court convictions he sought to attack as being CC 7804637 and CC 7804699.  Petition at ¶ 2.  In <u>Upsher v. Price</u>, No. 01-452 (W.D. Pa.), he identified the Allegheny County Court convictions he was seeking to attack as CC 7804637 and CC 7804699, the same convictions he seeks to attack in this present habeas petition.  <u>Upsher v. Price</u>, No. 01-452, Doc. No. 2 at ¶ 2.

## II.  Applicable Legal Principles

### A.  Rule 4 of the Rules Governing Section 2254

2

Rule 4 of the Rules governing Section 2254 cases and hence, the instant petition, provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, No. 4:01-CV-0930-A, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."). Accordingly, in

3

deciding this petition, this court takes judicial notice of the records and/or dockets in Upsher v. Price, No. 01-452 (W.D. Pa.); Upsher v. Brennan, No. 97-174 (W.D. Pa.) and in In re Paul James Upsher, No. 01-2111 (3d Cir.).

As an alternative basis for the court's action, a court always has the inherent power to sua sponte raise its own subject matter jurisdiction.  Palmer v. Barram, 184 F.3d 1373, 1377 (Fed.Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent.").  See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citations omitted)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.").  In doing so and in disposing of the habeas petition, the federal habeas court may take judicial notice of court dockets and court records.  See Reyes-Vejerano v. United States, 276 F.3d 94, 98 n.2 (1st Cir. 2002);  Cowell v. Artuz, 133 F.3d 906 (Table), 1998 WL 11029, at *1 (2nd Cir. 1998).

To the extent that Petitioner is entitled to notice and an opportunity to be heard prior to dismissal of his petition for lack of subject matter jurisdiction, this Report and

Recommendation serves as appropriate notice and the opportunity to file objections provides Petitioner the opportunity to be heard.  <u>Faragher v. Walter</u>, 26 Fed.Appx. 610, 611 (9th Cir. 2001)(holding that magistrate judge's rule to show cause and issuance of report and recommendation with its concomitant opportunity to object supplied that necessary notice and opportunity to be heard); <u>Kelly v. Ducharme</u>, 18 Fed. Appx. 527, 528 (9th Cir. 2001)(same). <u>Cf</u>. <u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002)(rejecting contention that Fed. R. Civ. P. 59(e) provides an adequate method to accomplish notice and an opportunity to be heard "because it affords a narrower basis for relief than is available prior to entry of a judgment.  Thus, the better course is for the district court to provide a chance to respond before judgment is entered against the petitioner, not afterwards.").

### B.  AEDPA APPLIES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA) which amended the standards for obtaining federal habeas relief was effective April 24, 1996.  Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case.  <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 980 (2001).

In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."), cert. denied, 540 U.S. 826 (2003).

## III.  Discussion

In his instant petition, Petitioner is challenging the very same convictions charged at Allegheny County Court of Common

Pleas No. CC 7804637 and No. CC 7804699 which he challenged in
Upsher v. Price, No. 01-452 (W.D. Pa.) (hereinafter "the 2001
petition"); Upsher v. Brennan, No. 97-174 (W.D. Pa.) (hereinafter
"the 1997 petition") and in In re Paul James Upsher, No. 01-2111
(3d Cir.).  See present habeas petition at Question 2; Upsher v.
Price, No. 01-452, (W.D. Pa. Doc. No. 2 at ¶ 2).  In a Report and
Recommendation dated September 15, 1997, it was recommended that
the 1997 petition be denied due to, inter alia, the fact that
Petitioner had procedurally defaulted his claims.  See Doc. 3 in
Upsher v. Price, No. 01-452 (W.D. Pa.)(the R&R disposing of the
1997 petition is attached to Doc. 3, which is the R&R addressing
the 2001 petition).  That Report and Recommendation, disposing of
the 1997 petition, went on to find that Petitioner failed to show
cause and also failed to show a miscarriage of justice.   The
District Court adopted the report and recommendation which
addressed the 1997 petition.  Upsher v. Brennan, No. 97-174 (W.D.
Pa. Doc. 11).

    A dismissal of a habeas petition based upon procedural
default constitutes a disposition on the merits and renders a
subsequent petition that raises issues which could have been
raised in the first petition "second or successive" and subject
to Section 2244 (b)(3)(A)'s gatekeeping provisions.  Carter v.
United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (since denial
of first petition on grounds of procedural default "constitutes a

disposition on the merits," that disposition "thus renders a
subsequent [habeas or §2255 petition] 'second or successive' for
purposes of the AEDPA").  <u>Accord</u> <u>Harvey v. Horan</u>, 278 F.3d 370,
379-80 (4th Cir. 2002); <u>In re Cook</u>, 215 F.3d 606, 607-08 (6th Cir.
2000); <u>United States v. Hawkins</u>, No. Crim. A. 93-221-01, 1998 WL
804729 (E.D. Pa. Nov. 19, 1998).

In addition, it appears that all of the issues Petitioner
raises in the present petition could have been raised in the
earlier petitions.  At the very least, Petitioner has not shown
why the claims he presently raises could not have been raised in
the prior petitions.  <u>See</u>, <u>e.g.</u>, <u>Acosta v. Artuz</u>, 221 F.3d 117,
(2d Cir. 2000)("the portion of Section 2244 dealing with abuse of
the writ changed previous law by shifting the burden from the
government to the petitioner to plead that a habeas petition 'was
not abusive, at least insofar as the petitioner now must
demonstrate ... that any new claims could not have been raised in
a prior petition because they rely on newly discovered evidence
or a new rule of constitutional law made retroactive to cases on
collateral review by the Supreme Court.'").  Hence, because the
1997 petition was disposed of "on the merits," and Petitioner has
failed to show that he could not have brought the claims in the
earlier petitions, this present petition is a "second or

successive" petition.[1]  A review of the computerized dockets of the Court of Appeals shows that Petitioner has not sought nor received from that Court permission to file this second or successive petition.  Therefore, the habeas petition must be dismissed for lack of subject matter jurisdiction.

**IV.  Certificate of Appealability**

Section 2253 of Title 28 generally governs appeals from district court orders regarding habeas petitions and requires prisoners attacking their state convictions to obtain a certificate of appealability ("COA") before appealing to the Court of Appeals.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[1]  Moreover, this court previously determined that Petitioner's attempt to attack his same convictions at CC 7804637 and CC 7804699 constituted a second or successive petition. Upsher v. Price, No. 01-452 (W.D. Pa. Doc. 3).  The Court of Appeals denied permission to file a second habeas petition.  In re Paul James Upsher, No. 01-2111 (3d Cir.).

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. at 484.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." <u>Walker v. Government of the Virgin Islands</u>, 230 F.3d at 90.  The test is conjunctive and both prongs must be met. <u>See</u> <u>id</u>.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition based upon the fact that it is second or successive was correct.  Accordingly, a certificate of appealability should be denied.  Because of this conclusion, the court does not need to reach the other prong of the <u>Slack v. McDaniel</u> test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

**<u>CONCLUSION</u>**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the

objections to respond thereto.  Failure to timely file objections

may constitute a waiver of any appellate rights.


                                    /s/Lisa Pupo Lenihan
                                    Lisa Pupo Lenihan
                                    U.S. Magistrate Judge


Dated: June 13, 2006


cc:  The Honorable Donetta W. Ambrose
     Chief United States District Judge

     Paul James Upsher
     AP-4601
     1 Woodland Drive
     PO Box 945
     Marienville, PA 16239


     Paul James Upsher
     AP-4601
     SCI Laurel Highlands
     5706 Glades Pike
     P.O. Box 631
     Somerset, PA 15501-0631